**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| **Christmas Tree Shops, LLC, *et al.*,** | ) Chapter 7 |
| | ) |
| Debtors. | ) Case No. 23-10576 (TMH) |
| | ) (Jointly Administered) |
| | ) |
| **George L. Miller, in his capacity as Chapter 7** | ) |
| **Trustee of Christmas Tree Shops, LLC *et al.*,** | ) |
| | ) Adv. Proc. No. 25-50874 (TMH) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **Tate's Wholesale LLC**, | ) |
| | ) |
| Defendant. | ) |

**ANSWER TO COMPLAINT**

Defendant Tate's Wholesale, LLC (the "Defendant") responds to the allegations set forth in the Complaint (the "Complaint") filed by George L. Miller, in his capacity as Chapter 7 Trustee of Christmas Tree Shops, LLC *et al.* (the "Trustee" or "Plaintiff") as follows:

1.  Admitted.

2.  Admitted.

3.  Admitted.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

1

9.      Paragraph 9 is a recitation of Plaintiff's legal conclusions to which no response is required.

10.     Paragraph 10 reports the industrial scope of the Debtors, which Defendant cannot be certain is accurate, but is not aware of any misstatements contained therein; therefore Defendant can neither admit nor deny this allegation.

11.     Paragraph 11 purports to summarize certain terms of a document docketed in this case, and as such Defendant states that the document speaks for itself and no response is required.

12.     Defendant admits the allegations of paragraph 12; except to the extent Debtors attempt to assert the accuracy and completeness of Exhibit A to the Complaint, which this paragraph does not assert and which accuracy and completeness the Defendant denies pending discovery in this case.

13.     Defendant denies that the Exhibit referenced in paragraph 13 contains all relevant details of the various transactions and further denies that it contains reference to all relevant transactions between the Defendant and the Debtors. Notwithstanding such denial, the Defendant admits that the Debtors and Defendant conducted business with one another.

14.     Defendant admits both that the Transfers at issue are subject to numerous defenses and that it bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish defenses under 547(c).

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preference Period Transfers - 11 U.S.C. § 547)

15.     Defendant incorporates its responses to the allegations set forth in the paragraphs above.

16.     The Defendant denies that the Exhibit referenced in paragraph 16 contains all relevant and accurate details of the various transactions and further denies that it contains

reference to all relevant transactions between the Defendant and the Debtors, notwithstanding that denial, Defendants admit receipt, at some point, of transfers in an aggregate amount identified on said Exhibit A.

17.     The Defendant is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 17 of the Complaint and therefore denies the same.

18.     Admitted.

19.     Admitted.

20.     The Defendant is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 20 of the Complaint and therefore denies the same.

21.     The Defendant is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 21 of the Complaint and therefore denies the same.

22.     The allegation of paragraph 22 is founded on a legal conclusion based on a factual assertion which itself is predicated on financial estimates and projections which by their nature are both unlikely to be, and do not seek to be, factually accurate; therefore no response is required but if one is, the same is Denied.

23.     Admitted.

24.     Denied.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property - 11 U.S.C. § 550)

25.     Defendant incorporates its responses to the allegations set forth in the paragraphs above.

26.     Denied.

27.     Denied.

**AFFIRMATIVE DEFENSES**

1.      Pursuant to 11 U.S.C. §547(c)(1), Plaintiff may not avoid the transfers alleged herein to the extent some of the transfers were made for contemporaneous exchanges for new value given to the Debtors, and, in fact, were substantially contemporaneous exchanges for new value.

2.      Pursuant to 11 U.S.C. §547(c)(2)(A), Plaintiff may not avoid the transfers alleged herein because the transfers were made in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant.

3.      Pursuant to 11 U.S.C. §547(c)(2)(B), Plaintiff may not avoid the transfers alleged herein because the transfers made between the Debtors and Defendant were made under terms which are ordinary in the industry.

4.      Pursuant to 11 U.S.C. §547(c)(4), Plaintiff may not avoid the transfers alleged herein to the extent that, after the transfers were made, the Defendant subsequently shipped goods constituting new value to or for the benefit of the Debtors.

5.      The Plaintiff may not recover on its claims to the extent Defendant has a right to offset or recoup any amounts it may owe the estate against any amounts the estate may owe it.

6.      The Debtors' receipt of goods and/or services from Defendant and the payments therefore were necessary for the preservation of the estate pursuant to 11 U.S.C. §502(B)(1)(A).

7.      The Defendant reserves the right to add such additional affirmative defenses as they become known through additional discovery and/or investigation.

**PRAYER FOR RELIEF**

A.      Defendant prays that the Court dismiss each claim in the Complaint without leave to amend;

B.      Defendant prays that the Plaintiff take nothing by the Complaint;

C.      Defendant prays that it be awarded its costs and expenses including, without limitation, its reasonable attorneys' fees to the extent permitted by applicable law;

D.      Defendant prays that the Court grant Defendant any other further relief as the Court deems just and proper.

Dated: September 26, 2025         **GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com

**HAMILTON STEPHENS STEELE & MARTIN, PLLC**
Glenn C. Thompson (NC Bar. 37221)
525 N. Tryon St., Suite 1400
Charlotte, NC  28202
Telephone:  (704) 344-1117
Facsimile: (704) 344-1483
Email: GThompson@lawhssm.com

*Attorneys for Defendant Tate's Wholesale LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 26, 2025, I caused a true and correct copy of

*Answer to Complaint* to be electronically filed and served via CM/ECF upon all parties requesting

electronic notices in this case and additionally upon the parties below via electronic mail:

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler
Colin R. Robinson
Peter J. Keane
Edward A. Corma
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Email: bsandler@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

Dated: September 26, 2025     **GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com

**HAMILTON STEPHENS STEELE & MARTIN, PLLC**
Glenn C. Thompson (NC Bar. 37221)
525 N. Tryon St., Suite 1400
Charlotte, NC  28202
Telephone:  (704) 344-1117
Facsimile: (704) 344-1483
Email: GThompson@lawhssm.com

*Attorneys for Defendant Tate's Wholesale LLC*